Dear Honorable William Donald Schaefer Comptroller
You have asked for our opinion concerning the authority of the Field Enforcement Division ("the Division") of the Comptroller's Office to enforce the various tax laws that the Comptroller administers. As we understand your inquiry, you wish to know whether you may assign personnel in the Division to help administer the sales and use tax and income tax laws. In addition, you wish to know whether an employee so assigned may exercise the powers of a peace officer in administering those laws.
Our opinion is as follows: Under State law you may direct employees in the Division to assist in the enforcement of the various tax laws that Comptroller's Office administers. However, those employees may exercise the powers of a peace officer only to the extent authorized by statute. The Legislature has conferred such powers on Division personnel as to certain enumerated laws, but not as to the sales and use tax law or the income tax law. Thus, employees of the Division may not exercise the powers of a peace officer for purposes of administering and enforcing the sales and use tax or income tax laws.
 I Background
A. Tax Laws Administered by the Comptroller
The General Assembly has assigned to the State Comptroller the responsibility to administer a variety of State taxes. A provision of the Tax-General Article lists those taxes as follows:
In addition to the duties set forth elsewhere in this article and in other articles of the Code, the Comptroller shall administer the laws that relate to:
(1) the admissions and amusement tax; (2) the alcoholic beverage tax; (3) the boxing and wrestling tax; (4) the income tax; (5) the Maryland estate tax; (6) the Maryland generation-skipping transfer tax; (7) the motor carrier tax; (8) the motor fuel tax; (9) the sales and use tax; (10) the savings and loan association franchise tax; and (11) the tobacco tax.
Annotated Code of Maryland, Tax-General Article ("TG"), § 2-102.[1]
Laws governing the listed taxes are set forth in other titles of the Tax-General Article that are cross-referenced in the definitions section of that Article. See TG § 1-101(b)-(d), (i), (l)-(o), (s)-(t), (w). As is evident from this list, the Comptroller administers both the income tax and the sales and use tax. B. Field Enforcement Division
Within the Comptroller's Office is a unit currently known as the Field Enforcement Division.[2] Two provisions of the Annotated Code set forth the powers of the personnel in that Division. See TG § 2-107; Annotated Code of Maryland, Article 2B, § 16-407. They are to be "sworn police officers." TG § 2-107(a)(1); Article 2B, § 16-407(b). They are to "have all the powers, duties, and responsibilities of a peace officer" for the purpose of enforcing certain laws designated in those statutes. TG § 2-107(a)(2); Article 2B, § 16-407(b). In particular, those powers are to be used to enforce the following laws:
(i) alcoholic beverage tax; (ii) tobacco tax; (iii) motor fuel tax; (iv) motor carrier tax; (v) motor fuel and lubricants; and (vi) transient vendors within the meaning of Subtitle 20A of Title 17 of the Business Regulation Article.
TG § 2-107(a)(2). In addition, the Division is to exercise its police powers to enforce the State laws that restrict the importation, manufacture, distribution, and handling of alcoholic beverages. Article 2B, § 16-407(b).
As is evident from a cursory comparison of this list with the list of tax laws set forth in TG § 2-102, the statutes granting peace officer powers do not direct the Division to enforce all of the tax laws administered by the Comptroller. In particular, among the tax laws administered by the Comptroller but omitted from the list of laws that the Division is authorized to enforce are the income tax law and the sales and use tax law.[3]
You have asked whether you may direct employees in the Division to enforce the sales and use tax and income tax laws and, if so, whether those employees may exercise the powers of a peace officer in that capacity.
 II Analysis
A. Assignment of Field Enforcement Division Personnel to Other Duties
The Comptroller has broad authority to transfer and assign duties within his office. In particular, "the Comptroller may transfer any staff . . . from any unit in the Office of the Comptroller to another unit in the office." Annotated Code of Maryland, State Government Article, § 4-106(a). Under that authority, the Comptroller could assign personnel of the Division to assist in the administration of the sales and use tax and income tax laws.
B. Exercise of Peace Officer Powers
Your primary concern appears to be whether members of the Division may exercise the powers of peace officers if they are transferred to administer the income tax or the sales and use tax.
1. Peace Officer Powers
While there is no general definition of "peace officer" set forth in Maryland statutes[4] or court rules, the phrase is "commonly understood . . . [to mean] . . . a person charged with the duty to enforce and preserve the public peace." Huger v. State, 285 Md. 351, 402 A.2d 880 (1979) (quoting Black's Law Dictionary). The phrase thus includes sheriffs, police officers, and other law enforcement officers. See Black's Law Dictionary (7th ed. 1999) at p. 1151.
Designation as a peace officer confers certain powers on Division personnel. Under the Maryland Rules, a peace officer may issue a citation or sign a statement of charges that initiates a criminal proceeding. Maryland Rules 4-102(b), 4-202(b). A peace officer may execute arrest and search warrants. Maryland Rule 4-102(l). In addition, a peace officer is authorized to execute a body attachment and take a recalcitrant witness into custody. Maryland Rules 1-202(c), 2-510(i), 3-510(i), 4-266(d), and 4-267(a). Employees of the Division are also specifically authorized to make warrantless arrests in certain circumstances. Article 27, § 594B(g)(12) (including members of the Division in the definition of "police officer" in the statute authorizing warrantless arrests).
The Tax-General Article itself authorizes searches and seizures by peace officers, including personnel of the Comptroller's Office, with respect to violations of specific laws. In particular, it authorizes an officer to stop and search a "conveyance"[5] if the officer reasonably suspects that the conveyance is carrying contraband alcoholic beverages, tobacco products, or motor fuel.[6] TG § 13-835(a)(2), (b)(2). The statute further authorizes the warrantless seizure of contraband alcoholic beverages, tobacco products, and motor fuel. TG § 13-835(a)(1), (b)(1). Finally, any conveyance used to transport such contraband may be seized. TG § 13-835(a)(3), (b)(3).
2. Statutory Authority and Legislative History
TG § 2-107(a)(2) and Article 2B, § 16-407(b) confer law enforcement powers on the Division "for the purpose" of enforcing specifically identified laws. Thus, the literal language of those statutes limits the exercise of those powers to enforcement of certain laws, not including the income tax law or the sales and use tax law.
The legislative history of those statutes is also instructive. In 1953, the Legislature first conferred peace officer powers on a unit in the Comptroller's Office when it enacted the predecessor of Article 2B, § 16-407. Chapter 782, Laws of Maryland 1953. The preamble of that bill cited the need for a statewide unit to enforce laws regarding the illegal importation, manufacture, and sale of alcoholic beverages. The legislation created a "special" Maryland Alcohol Tax Enforcement Unit in the Comptroller's Office and authorized sworn police officers in that unit to exercise the powers, duties, and responsibilities of peace officers in the enforcement of the State alcoholic beverages law. While the identification of the unit has changed with various reorganizations of the Comptroller's Office, the authorization to exercise police powers embodied in § 16-407
remains limited to enforcement of the alcoholic beverages laws. There appears no basis for extending the powers conferred by this part of the alcoholic beverages law to the enforcement of the income tax law or the sales and use tax law.
TG § 2-107 is essentially an amalgam of the Comptroller's enforcement powers under several regulatory schemes. In 1961, the Legislature conferred peace officer powers on agents of the Comptroller's cigarette tax unit for purposes of enforcement of that tax. Chapter 669, Laws of Maryland 1961, codified as Annotated Code of Maryland, Article 81, § 459 1/2. This unit was later combined with another unit having similar peace officer powers to form the Alcohol and Tobacco Tax Enforcement Unit, which was formally recognized in a 1978 amendment of the law governing alcoholic beverages. Chapter 36, Laws of Maryland 1978 amending Annotated Code of Maryland, Article 2B, § 191. In 1988, as part of the creation of the Tax-General Article, a new TG § 2-107 was created conferring peace officer powers on employees of that unit "for the purpose of enforcing alcoholic beverage tax and tobacco tax laws." Chapter 2, § 1, Laws of Maryland 1988.
A 1993 reorganization of the Comptroller's Office combined the Alcohol and Tobacco Tax Enforcement Unit with the Motor Fuel Enforcement Unit into a new Investigative Services Unit, which was expressly recognized in a 1995 revision of the pertinent statutes. See Chapter 3, § 2, Laws of Maryland 1995, Drafter's Note at p. 203. While the Investigative Services Unit now had responsibility for the enforcing the State's motor fuel and lubricant laws,[7] neither of the statutes defining the powers of the Investigative Services Unit conferred peace officer powers for that purpose. See Annotated Code of Maryland, Business Regulation Article ("BR"), 10-206 (1992 Vol., 1995 Supp.); TG § 2-107 (1988 Vol., 1995 Supp.).
In 1996, the Legislature extended the police powers of the Investigative Services Unit to encompass its enforcement of the motor fuel and lubricant laws. Chapter 597, Laws of Maryland 1996 (repealing BR § 10-206 and amending TG § 2-107). At the same time, it also authorized the unit to enforce the tax laws relating to motor fuel and motor carriers and the law regulating transient vendors, and to exercise peace officer powers for those purposes. Id. A report by the Senate committee that recommended passage of the bill indicated a legislative understanding that, without these amendments, the peace officer powers of the Investigative Services Unit were limited to enforcement of the alcoholic beverage tax and tobacco tax laws. See Floor Report of Senate Judicial Proceedings Committee for Senate Bill 726 (1996). The unit has since been renamed the Field Enforcement Division without any change in its responsibilities or powers. Chapter 29, Laws of Maryland 2001.
Thus, the history of Article 2B, § 16-407, and TG § 2-107
demonstrates that the General Assembly has given the Field Enforcement Division and its predecessors a limited, though expanding, responsibility to use police powers to enforce laws administered by the Comptroller. Given this history, the Legislature's failure to include the income tax or sales and use tax laws, on the list of laws enforced by the Field Enforcement Division does not appear to be an oversight. Moreover, while not dispositive of the issue, we note that the General Assembly has rejected recent proposals to add the sales and use tax and income tax laws, among others, to the list of laws enforced by the Division. See House Bill 31 (2001); House Bill 1391 (2000).
3. Summary
In a prior opinion, this Office considered the scope of the law enforcement powers exercised by sworn inspectors of the Prince George's County Board of License Commissioners. See Opinion No. 91-008 (February 1, 1991) (unpublished). State law granted those inspectors "all the powers of a peace officer." By its own terms, the pertinent statute did not set specific limits on the exercise of those powers. However, the opinion concluded that, while the inspectors could exercise law enforcement powers with respect to alcoholic beverages offenses, those powers did not extend to offenses under the Maryland Vehicle Law or the general criminal laws.
The scope of the peace officer powers of Division personnel is even more explicitly defined. Since it first created special enforcement units within the Comptroller's Office, the Legislature has specifically limited the exercise of peace officer powers to the enforcement of specifically identified laws. While that list has grown over the years, to date it has not encompassed either the income tax or the sales and use tax. The limited and specific scope of the law enforcement powers conferred by the General Assembly on Division personnel indicates that they do not have such powers when they are engaged in the enforcement of other laws administered by the Comptroller. Cf. 81 Opinions of the Attorney General ___ (1996) [Opinion No. 96-031 (September 19, 1996)] (concluding, under then-existing statutes, that fire marshal was not "peace officer" who could sign citation, given limited scope of fire marshal's enforcement authority).
 III Conclusion
In our opinion, you may assign employees of the Field Enforcement Division to assist in the administration and enforcement of the sales and use tax and income tax laws. However, those employees may exercise the powers of a peace officer only as to specific laws identified in TG § 2-107 and Article 2B, § 16-407. Because the Legislature has not granted employees of the Division peace officer powers with respect to enforcement of the sales and use tax or income tax laws, Division personnel may not exercise those powers when they are assigned to administer and enforce those laws.
J. Joseph Curran, Jr. Attorney General
Robert N. McDonald Chief Counsel Opinions Advice
[1] TG § 2-102 was enacted during code revision as a non-exclusive summary of taxes administered by the Comptroller. See Chapter 2, § 1, Laws of Maryland 1988, Revisor's Note at pp. 24-25. The section originally enumerated nine tax laws. Later enactments added the Maryland generation-skipping transfer tax, Chapter 643, § 2, Laws of Maryland 1988, and transferred administration of the boxing and wrestling tax from the State Athletic Commission to the Comptroller, Chapter 692, Laws of Maryland 1994.
[2] Until very recently, the Division was denominated the "Investigative Services Unit." See Chapter 29, Laws of Maryland 2001. Many of the duties performed by the Division were originally assigned by statute to separate units dedicated to the enforcement of specific tax laws. See Chapter 782, Laws of Maryland 1953 (alcoholic beverages enforcement unit); Chapter 669, Laws of Maryland 1961 (cigarette tax enforcement unit); Chapter 448, Laws of Maryland 1972 (enforcement of motor fuel tax law). See also Part II.B.2 of this opinion.
[3] Other taxes listed in TG § 2-102 but omitted from the enforcement purview of the Division are the admissions and amusement tax, the boxing and wrestling tax, the estate tax, the generation-skipping transfer tax, and the savings and loan association franchise tax.
[4] One statute, the Maryland Mental Hygiene Law, defines "peace officer" for purposes of identifying those officers authorized to take an individual suspected of a mental disorder to a facility for an emergency evaluation. See Annotated Code of Maryland, Health-General Article, § 10-620(f) (defining "peace officer" as "a sheriff, a deputy sheriff, a State police officer, a county police officer, a municipal or other local police officer, or a Secret Service agent who is a sworn special agent of the United States Secret Service or Treasury Department authorized to exercise powers delegated under 18 U.S.C. § 3056.").
[5] The statute defines "conveyance" as:
(1) an aircraft, vehicle, or vessel that is used to transport alcoholic beverages, cigarettes, or other tobacco products; and
(2) a tank car, vehicle, or vessel that is used to transport motor fuel and that, exclusive of any tank used for its own propulsion, has a capacity exceeding 50 gallons.
TG § 13-834(e).
[6] Under the statute, these products are "contraband" if they are "delivered, possessed, sold, or transferred" in violation of the pertinent tax law. See TG § 13-834(b)-(d) (definitions of "contraband alcoholic beverage", "contraband tobacco products", and "contraband motor fuel".
[7] See Annotated Code of Maryland, Business Regulation Article, § 10-101 et seq.
 *Page 183